IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RITE WAY CRACK REPAIR, LLC      *
                                *
v.                              *
                                *    Civil Action No. WMN-09-1207
GUARDIAN CRACK REPAIR, LCC      *
et al.                          *
                                *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Before the Court is Defendants' Motion to Transfer or, in the Alternative, to Stay and Administratively Close.  Paper No. 7.  The motion is fully briefed.  Upon review of the motion and the applicable case law the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be granted in part, in that this case will be stayed and administratively closed.

Plaintiff Rite Way Crack Repair, LLC (Rite Way), is a New York limited liability company with its principal place of business in Connecticut.  Rite Way is engaged in the business of repairing recreational court surfaces.  Defendant Guardian Crack Repair (Guardian) is a Maryland limited liability company with its principal place of business in Baltimore.  Guardian is a competitor of Rite Way.  Defendant James Rossi is a Maryland

resident and the president and chief operating officer of

Defendant Guardian.[1]

On November 24, 2008, Guardian filed suit against Rite Way

in the United States District Court for the Western District of

Kentucky alleging that Rite Way was infringing on U.S. Patent

No. 7,396,185 (the '185 Patent), a patent directed to a method

of repairing cracks in recreational court surfaces.  Guardian

Crack Repair, LLC v. Rite Way Crack Repair, LLC, Case No. 3:08-

CV-614-CRS.  Rite Way answered the complaint, denying that it

was infringing on the '185 Patent and also asserting that the

patent was invalid.  A scheduling order was issued in the

Kentucky action and discovery has commenced.

On May 8, 2009, Rite Way filed the instant action in this

Court asserting claims of defamation and tortuous interference

with contract.  Specifically, Rite Way asserts that, when

competing for repair jobs, Guardian has communicated with

potential customers that: (1) Rite Way is a patent infringer;

(2) Rite Way would soon be out of business, and (3) Riteway's

warranty[2] was useless.  Compl. ¶ 18.  While the Complaint avers

that Guardian directed these misrepresentations to a particular

potential customer in Colorado, Plaintiff also avers that these

---

[1] For the purposes of this memorandum, Defendants will be
collectively referred to simply as Guardian.

[2] Rite Way provides a two-year conditional warranty on its repair
work.

false representations were passed on to a tennis court supply

company in Centerville, Virginia, as well as to "others in at

least the Virginia and Maryland area."  Id. ¶ 22.

On June 18, 2009, Guardian filed a motion in the Kentucky

action seeking an order that the parties be enjoined from

proceeding in the action filed in this Court.  In a move that is

somewhat confounding, Guardian also requested in that motion

that the Western District of Kentucky court issue an order

staying the action pending in this Court, or dismissing the

action in this Court.  On the same date,[3] Guardian filed a

similar motion in this Court.  While requesting the same relief

of this Court, i.e., to stay or dismiss this action or enjoin

the parties from proceeding in this Court, Guardian argues

vehemently that "the Western District of Kentucky – and only the

Western District of Kentucky – has the authority" to grant this

relief.  Mot. at 5.  Guardian suggests that it filed the motion

in this Court "simply as a prudent measure," notwithstanding its

belief that this Court has no authority to actually grant the

relief requested.  Reply at 2.

Guardian argues in the alternative that, if this Court were

to believe that it is within the Court's purview to rule on the

_____

[3] Guardian filed the motion in this action one hour after filing
the motion in the Kentucky action.  It seems to be significant
to Guardian that "the Motion here was filed after the one in
Kentucky."  Reply at 2 (emphasis in original).

motion that it filed, then this Court should transfer this action to the Western District of Kentucky pursuant to 28 U.S.C. § 1404.[4]  Guardian argues that, because the claims in this action are so dependent on and tangled in the outcome of the infringement action, the interests of judicial economy and the avoidance of inconsistent results favor resolving both actions in the Kentucky court.  Should the Kentucky court find that Rite Way has infringed on Guardian's patent, Guardian's invocation of truth as an affirmative defense to Plaintiff's defamation claim would be, in Guardian's view, dispositive of the action in this Court.  Guardian also contends that this action has no connection with this forum.

Finally, Guardian suggested that, if the Court is unwilling to transfer under § 1404, it should stay and administratively close this action pending the resolution of the Kentucky infringement action.[5]

In opposing the motion, Rite Way acknowledges that the first-filed rule can "in extraordinary circumstances" give a court of coordinate rank authority to enjoin the parties from proceeding in a subsequently filed suit.  Opp'n at 9.  Rite Way

---

[4] Guardian never specifically invokes § 1404 in its Motion but does so in its Reply.  Reply at 8-9.

[5] Guardian offers an additional option in its Reply memorandum, that the Court consolidate discovery in both actions.  Reply at 10.

opines, however, that to do so in this instance would be an abuse of discretion.  Rite Way asserts that Guardian's misrepresentations go beyond just calling Rite Way a patent infringer.  The Complaint states that Guardian also told potential customers that Rite Way would soon be out of business and that Rite Way's warranty was useless.  Any judgment in the Kentucky action would have no impact on these claims.

Rite Way also notes that it has filed a motion to dismiss for lack of personal jurisdiction and improper venue in the Kentucky action.  Should that motion be granted, it would eliminate any reason to transfer this action to Kentucky.  Rite Way suggests that, at a minimum, this Court should refrain from ruling on Guardian's motion until the Kentucky court has ruled on Rite Way's dismissal motion.  Opp'n at 18.

The Court must first address Guardian's argument that the first-filed rule prevents this Court from even considering its motion.  The Court need look no further than the cases cited by Guardian to deflate that peculiar theory.  For example, in Allen v Rohm & Haas Co. Retirement Plan, Civ. No. 3:06CV-25-S, 2006 WL 1980174 (W.D. Ky. 2006), a decision cited in both Guardian's Motion and Reply, two class actions were filed by participants in a pension plan concerning a dispute over cost of living payments.  The first suit was filed in the United States District Court for the Southern District of Indiana and the

second in the Western District of Kentucky.  After determining

that there was "substantial overlap" between the two suits, the

Kentucky court, <u>i.e.</u>, the court in which the second suit was

filed, granted the motion to transfer the case before it to the

Indiana court.  <u>Id.</u> at *1.

In another decision relied upon by Guardian, <u>J.A.D. Coal</u>

<u>Co., Inc. v. Twin Energy, Inc.</u>, No. 2-03 CV 00063, 2003 WL

22466199 (W.D. Va. Oct. 23, 2003), the United States District

Court for the Western District of Virginia, the court in which

the second suit was filed, issued an order dismissing some

claims but staying consideration of others pending the

resolution of a previously filed suit in the Eastern District of

Kentucky.  The court recognized that portions of the Virginia

action might remain unresolved upon conclusion of the Kentucky

action.  In one of the only other cases cited by Guardian from

this Circuit, <u>Jefferson Pilot Life Insur. Co. v. Griffin</u>, No.

1:07 CV 0096, 2008 WL 2485598 (W.D.N.C. June 16, 2008),[6] the

court with the second-filed suit not only resolved the motion

invoking the "first-filed rule," but also concluded that it was

---

[6] Guardian erroneously cites this as a 1997 decision of the Sixth
Circuit Court of Appeals.  Mot. at 5 n.9.

appropriate in that instance to depart from the rule.  Id. at
*4.[7]

Guardian's protestations aside, there is no real dispute
that this Court has the authority to decide Guardian's motion.
The Court will, therefore, address the merits of the motion both
under the first-filed rule and under § 1404.

The Fourth Circuit has endorsed the first-filed rule, but
in a form that is much more flexible than Guardian would allow.
The court stated in Ellicott Machine Corp. v. Modern Welding
Co., 502 F.2d 178 (4th Cir. 1974), that the first-filed rule is
"a principal of judicial administration which provides that "the
first suit should have priority, absent the showing of balance
of convenience in favor of the second action."  502 F.2d at 180
n.2 (internal quotations omitted).  The rule, however, "is not
to be applied mechanically."  Jefferson Pilot at *3.  "District
Courts have always had the discretion to retain jurisdiction
given appropriate circumstances justifying departure from the
first-filed rule."  Id.; see also SAS Institute, Inc. v.

_____

[7] In another decision cited by Guardian, Smith v. Sec. & Exch.
Comm'n, 129 F.3d 356 (6th Cir. 1997), the Sixth Circuit vacated
an order issued by the court in which the first filed-court was
pending enjoining the parties from proceeding in a second filed
action holding that, "a court abuses it discretion when it
enjoins a party from proceeding in another suit that is not
truly duplicative of the suit before it.  "The one must be
materially on all fours with the other. . . .  The issues must
have such an identity that a determination in one action leaves
little or nothing to be determined in the other."  129 F.3d at
361 (internal quotations and citations omitted).

Practicingsmarter, Inc., 353 F. Supp. 2d 614, 617 (M.D.N.C. 2005) ("the Court may disregard the first-filed rule and give priority to the second suit filed when there has been a showing that a balance of convenience sways in favor of the suit"); CACI Intern, Inc. v. Pentagen Technologies, Ltd., Nos. 94-2058, 94-2220, 1995 WL 679952 (4th Cir. Nov. 16, 1995) (agreeing with that district court that "this Circuit has no unyielding first-to-file rule").

A motion pursuant to § 1404 also requires the court to consider the relative convenience in litigating in one forum over another.  In making that determination, the following case-specific factors are essential to the analysis: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice."  Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).  The burden is on the movant to show that transfer to another forum is proper.  Id.  Ultimately, however, the decision whether to transfer is committed to the sound discretion of the district court.  Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

The Court concludes, whether it considers Guardian's motion under the first-filed rule or under § 1404, that transfer of this action to Kentucky would not be appropriate.  It is alleged in Rite Way's Complaint that at least some of the defamatory

statements were made in Maryland or in nearby Virginia.  Thus, this would be a convenient forum for at least some witnesses.  Furthermore, Defendants are located in Maryland.  While Guardian opines that this suit has no connection with Maryland, it makes no argument for a connection with Kentucky aside from the fact that the infringement claim may be decided there.  Finally, Rite Way's selection of Maryland as the forum to resolve its claims is entitled to at least some weight.

The Court, however, will stay this action until such time as the Kentucky court either dismisses the action before it or reaches the merits of the patent infringement claim.  While the resolution of the question as to whether Rite Way is infringing on a valid patent held by Guardian would not completely resolve Rite Way's claims asserted in this Court, Rite Way's claims here cannot be resolved without a determination of whether Rite Way is or is not a "patent infringer."  That determination goes to the truth of at least some of the alleged defamatory statements.  To reach that issue in this Court would be to tread on precisely those principles that the first-filed rule was designed to protect.  To have both this Court and the Kentucky court reach the infringement issue would be a waste of judicial resources, the parties' time and money, and would create the possibility of conflicting results.

A separate order consistent with this memorandum will

issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge



DATED: September 10, 2009